IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **EMMA HERNANDEZ,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**ISOTALENT, INC.**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-CV-831-DAK-DAO<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the court on Defendant IsoTalent, Inc.'s Motion to Compel Arbitration [ECF No. 12]. On May 23, 2024, the court held a hearing on the motion. On July 8, 2024, the court issued a Memorandum Decision and Order on the motion, but deferred ruling until it was discovered whether IsoTalent had signed the Acknowledgement and Agreement (A&A) and Nondisclosure Agreements at issue in the Motion to Compel Arbitration. On August 31, 2024, the parties filed a Stipulation that IsoTalent did not sign the agreements at issue. IsoTalent also submitted a supplemental brief arguing why the court should compel arbitration despite its failure to sign an agreement. The court will address these arguments in a similar supplemental fashion without restating the full analysis in the court's prior Memorandum Decision and Order.

IsoTalent contends that the contractual language in the A&A stating that "[a]ny agreement or promise of any kind pertaining to my employment must be in writing and signed by an authorized Company executive" only means agreements pertaining to her at-will employment status. However, the contractual language does not say that and is not ambiguous. The contract

1

says any agreement of any kind. An agreement to arbitrate is an agreement of any kind pertaining to Plaintiff's employment. The court does not need to read the language in a way that harmonizes conflicting provisions. There are no conflicting provisions. The contractual language regarding arbitration does not say it takes effect without the parties' signatures. The parties merely needed to sign an agreement if it pertained to her employment.

In arguing that the court should harmonize the provisions and rewrite the agreement in its behalf, IsoTalent puts forth arguments that reignite Plaintiff's arguments that the arbitration agreement is illusory. IsoTalent argues that the A&A explicitly notes that except for the policy of at-will employment any of the terms and conditions can be modified at any time. But in prior briefing, IsoTalent specifically argued that the arbitration agreement was not illusory because it was not one of the terms and conditions of the Handbook that could be unilaterally altered. The court already addressed these issues and determined that the A&A was separate from the Handbook.

IsoTalent also asserts that the signature is merely a formality. However, it is a formality it imposed on itself. The fact that officers of the company signed a similar A&A and Nondisclosure Agreement with the Company does not demonstrate that the Company signed the agreements. IsoTalent wrote the contract, included a requirement that it sign any agreement pertaining to its employee's employment, and then did not sign that very agreement pertaining to its employee's employment. The court cannot redraft the agreement. Therefore, the court denies IsoTalent's Motion to Compel Arbitration.

## CONCLUSION

Based on the above reasoning and the reasoning in the court's July 8, 2024 Memorandum Decision and Order, the court DENIES Defendant IsoTalent's Motion to Compel Arbitration

[ECF No. 12].

    Dated this 11th day of September 2024.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge